**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| RICKY HOLLOWAY, ) | |
| ) | No. 8:12-cv-02664-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN,[1] *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R") that the court affirm the Commissioner of Social Security's decision to deny claimant Ricky Holloway's ("Holloway") application for disability insurance benefits ("DIB"). Holloway has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.   BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

**A. Procedural History**

Holloway filed an application for DIB on March 15, 2007, alleging that he had been disabled since August 18, 2006. The Social Security Administration ("the Agency") denied Holloway's application both initially and on reconsideration. Holloway requested a hearing before an administrative law judge ("ALJ") and ALJ Theresa R. Jenkins presided over a hearing held on May 11, 2009. In a decision issued on September 2,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

2009, ALJ Jenkins determined that Holloway was not disabled ("the ALJ's first decision"). This decision became the final decision of the Commissioner when the Appeals Council denied further review on March 27, 2010.

On May 26, 2010, Holloway filed an action in this court appealing the ALJ's first decision. On April 12, 2011, the court reversed this decision, finding that the ALJ had improperly weighed the medical opinion of one of Holloway's treating physicians and had failed to properly weigh Holloway's credibility. The court remanded Holloway's case to the Agency for further proceedings.

On remand, ALJ Gregory Wilson presided over Holloway's second administrative hearing, which was held on April 25, 2012.[2] After the second hearing, the ALJ issued a decision again determining that Holloway was not disabled ("the ALJ's second decision"). The ALJ's second decision became the final decision of the Commissioner when the Appeals Council denied further review on May 15, 2012.

Holloway filed this action for judicial review on September 17, 2012. On February 22, 2013, he filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency either for an award of benefits or for further consideration with a third ALJ. Pl.'s Br. 15-16. On April 1, 2013, the Commissioner filed a brief contending that her decision should be upheld. On January 30, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed. Holloway objected to portions of the R&R on February 18, 2014 and the Commissioner replied to those objections on February 28, 2014. This matter has been fully briefed and is now ripe for the court's review.

---

[2] ALJ Theresa R. Jenkins had left the Agency by the time Holloway's case was remanded for further proceedings. As a result, Holloway's case was assigned to ALJ Gregory Wilson.

2

### B. Holloway's Medical History

Because a recitation of Holloway's medical history is not critical to the resolution of this case, the court here recites only a few relevant facts. Holloway was born on December 20, 1964 and was forty-seven years old on the date last insured. Tr. 313. He has a high school education and past relevant work experience as a welder helper, dump truck driver, tractor trailer driver, moving van truck driver, and juvenile corrections officer. Id.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520;

Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Holloway was disabled from August 18, 2006, through the date of the ALJ's second decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step one, the ALJ found that Holloway did not engage in substantial gainful activity during the period at issue.  Tr. 302.  At step two, the ALJ found that Holloway suffered from the following severe impairments:  degenerative disc disease and obesity.  Id.  At step three, the ALJ found that Holloway's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Tr. 305.  Before reaching the fourth step, the ALJ determined that Holloway retained the residual functional capacity ("RFC") to perform medium work.  Tr. 306.  Specifically, the ALJ found that Holloway could lift and carry up to fifty pounds occasionally and up to twenty-five pounds frequently; sit, stand or walk for six hours each in an eight-hour work day; occasionally climb ropes, ladders, or scaffolds; occasionally crouch or stoop; and frequently balance, kneel, crawl, and climb ramps or stairs.  Id.  The ALJ further determined that Holloway "should avoid concentrated exposure [to] workplace hazards such as unprotected heights and moving machinery."  Id.  At step four, the ALJ found that Holloway was unable to perform any of his past relevant work.  Tr. 312.  Finally, at the fifth step, the ALJ found that Holloway could perform jobs existing in significant numbers in the national economy and concluded, therefore, that he was not disabled during the period at issue.  Tr. 313-14.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

## III.   DISCUSSION

In the R&R, the magistrate judge determined that the Commissioner's decision should be affirmed because the ALJ properly assessed Holloway's credibility, properly assessed the opinion of treating physician Dr. Thomas C. Nowatka, properly assessed the opinions of the consulting state agency physicians, and properly calculated Holloway's RFC. Holloway makes the following, overlapping objections to the R&R, many of which track his original arguments in favor of remand:  (i) the ALJ improperly assessed

Holloway's credibility; (ii) the ALJ improperly assessed Dr. Nowatka's medical opinion; (iii) the ALJ's RFC calculation was flawed; (iv) the ALJ failed to consider all of the evidence when assessing Holloway's credibility; (v) the ALJ's RFC finding was not supported by substantial evidence; and (vi) the R&R fails to follow the law of the case. The court discusses these objections in turn.

### A. Objections 1 and 4: Assessment of Holloway's Credibility

Because they are related, the court considers Holloway's first and fourth objections together. Holloway objects that the ALJ improperly assessed his credibility by relying on a trumped-up conflict in his testimony regarding activities of daily living and a mischaracterization of his pain medication use.

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective allegations of pain. Craig v. Chater, 76 F.3d 585, 594. First, the ALJ must determine that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. Id.; SSR 96-7p, 1996 WL 374186 (July 2, 1996). Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 595; SSR 96-7p. This evaluation

> must take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

An ALJ evaluating a claimant's subjective complaints "should refer specifically to the evidence informing the ALJ's conclusion." Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). This "duty of explanation . . . is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process." Id. In addition, an ALJ's decision regarding a claimant's credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

As the magistrate judge has exhaustively explained, the ALJ's credibility analysis correctly outlined the required two-step process and elucidated his decision with a clear discussion of the record evidence that supported his credibility finding. With respect to Holloway's activities of daily living, the ALJ noted the discrepancy between Holloway's reports that he could wash dishes and cook if he sat down every fifteen minutes, Tr. 176, and his testimony that his wife had generally done all household chores, including cooking and dish-washing, since 2006. Tr. 340. There is nothing improper in this analysis.

The ALJ also noted that Holloway "has not taken any narcotic based pain relieving medications in spite of the allegations of quite limiting pain. The claimant testified he is only taking Naprosyn." Tr. 308. This statement is somewhat troubling given that Holloway testified that he is not taking pain medication because he cannot afford it. Tr. 329 ("I haven't got no insurance, and I'm having to go to St. Luke, St.

7

Luke's for my medicines, and they do not prescribe pain medicine there."). The Fourth Circuit has held that a claimant "may not be penalized for failing to seek treatment [he] cannot afford." Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986). However, any error that the ALJ may have made was harmless error because Holloway's failure to take pain medication was only one of a number of factors on which the ALJ relied in making his credibility determination.

In short, the ALJ's credibility analysis was supported by substantial evidence, even if it was not perfect. The evidence upon which the ALJ based his credibility determination was both "more than a mere scintilla" and "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Holloway's first and fourth objections fail.

### B. Objection 2: Weight Assigned to Dr. Nowatka's Opinion

Holloway next argues that the ALJ improperly gave little weight to the medical opinion of Dr. Thomas Nowatka, Holloway's primary care physician. In making this argument, Holloway relies heavily on the court's prior opinion finding that substantial evidence did not support the ALJ's first decision with respect to the weight assigned to Dr. Nowatka's opinion.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c) (2012). Medical opinions are evaluated pursuant to the following non-exclusive list:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

8

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not," 20 C.F.R. § 404.1527(c)(1), but "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. The ALJ must also give specific reasons for the weight given to a treating physician's medical opinion. See SSR 96-2p, 1996 WL 374188 (July 2, 1996).

The ALJ's second decision discusses Dr. Nowatka's treating relationship with Holloway, the supportability of his opinion, and the consistency of his opinion with the balance of the record. The ALJ's second decision provides a lengthy list of the portions of the medical record that contradict Dr. Nowatka's opinion. Tr. 310-12. Holloway's assertions to the contrary, the court's prior remand does not foreclose the ALJ from reaching the same result a second time, particularly where, as here, the ALJ's second opinion is much more thorough. The ALJ's discussion of Dr. Nowatka's opinion complied with Agency regulations and is supported by substantial evidence.[3] For these reasons, Holloway's second objection also fails.

### C. Objections 3 and 5: Calculation of Holloway's RFC

Holloway next objects that the ALJ's RFC finding is both flawed and unsupported by substantial evidence. While the ALJ's RFC limited Holloway to medium work with

---

[3] Holloway also appears to object to the weight given to the opinions of Dr. Russell Rowland and the state agency physicians only to the extent that those opinions were given the same or more weight than Dr. Nowatka's opinion. These objections fail. The ALJ discussed the weight he gave to the opinions of each of these physicians and supported these findings with evidence found in the record. The court cannot say that the ALJ's conclusions were not supported by substantial evidence.

9

some restrictions, elsewhere in the opinion the ALJ appears to suggest that Holloway was limited to work at the light exertional level.

A claimant's "residual functional capacity is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545. In his decision, the ALJ stated that Holloway has:

> the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(b). I specifically find the claimant can lift or carry 50 pounds occasionally and 25 pounds frequently and he can sit, stand or walk for 6 hours, each, of an 8 hour work day. I also find that he can only occasionally climb ropes, ladders or scaffolds, stoop, and crouch; he can frequently climb ramps and stairs, balance, kneel, and crawl. In addition, the claimant should avoid concentrated exposure to workplace hazards such as unprotected heights and moving machinery.

Tr. 306. While this RFC assessment expressly finds that Holloway could do medium work, and uses the lifting capacities associated with medium work, it incorrectly cites to the subsection of the Code of Federal Regulations that defines light work. 20 C.F.R. § 404.1567(b) defines light work while 20 C.F.R. § 404.1567(c) defines medium work. As the magistrate judge noted in the R&R, this was clearly a typographical error on the ALJ's part.

Elsewhere in his opinion, however, the ALJ noted that claimant was unable to perform his past relevant work because he "is limited to less than medium work," Tr. 313, but that he was not disabled because there are jobs that exist at the light exertional level that he could do. Tr. 314. These statements create some confusion, as the ALJ's RFC limited Holloway to medium – not light – work. However, any such confusion amounts to harmless error. The Agency's regulations explain that "If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). The ALJ found, based on Holloway's RFC, the record evidence,

and the vocational expert's testimony, that light-level jobs existed in the national economy that Holloway could perform. While there may also be more strenuous, medium-level jobs that Holloway could also perform, the existence of suitable light-level jobs is enough to support the ALJ's finding that Holloway is not disabled. Holloway's third and fifth objections fail.

### D. Objection 6: The Law of the Case

Holloway finally contends, citing no authority, that the R&R fails to follow the law of the case. He essentially argues that because the court has previously found that the ALJ's first decision was not supported by substantial evidence, the ALJ's second decision likewise cannot be supported by substantial evidence.

As it is most commonly defined, the law of the case doctrine "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815 (1988)). "Furthermore, when a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue." Aramony, 166 F.3d at 661.

The prior remand of this case was not a decision upon a rule of law. The court previously remanded the ALJ's first decision because it was not supported by substantial evidence. The ALJ's second decision – authored by different person – differs significantly from the ALJ's first decision. While both decisions reached the same results, their analyses are articulated differently and their findings are supported with different evidence. As one indication of the differences between them, the ALJ's second

decision is fifteen pages long, while the ALJ's first decision was only nine pages in length. The court's determination that the ALJ's first decision required reversal does not bind the court's consideration of the ALJ's second decision. The law of the case doctrine does not apply here. As a result, Holloway's final objection also fails.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 20, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2014**
**Charleston, South Carolina**

12